UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VINCENT RUSSELL,<br><br>             Plaintiff,<br><br>    v.<br><br>BELLINGHAM POLICE DEPARTMENT, et al.,<br><br>             Defendants. | CASE NO. 2:22-CV-1863-RAJ-DWC<br><br>ORDER DECLINING SERVICE AND DENYING REQUEST FOR COUNSEL |

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Russell Vincent, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by February 28, 2023, to cure the deficiencies identified herein.

**I.  Background**

In the Complaint, Plaintiff, a pretrial detainee housed in the Whatcom County Jail, alleges Defendants, the Bellingham Police Department and several Bellingham Police Officers,

used excessive force against him during an arrest in violation of his Fourth Amendment rights. Dkt. 8. Plaintiff seeks monetary relief and release from custody. *Id.*

**II.      Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

In the Complaint, Plaintiff provides generalized allegations that "Defendants" harmed him during an unlawful arrest. Dkt. 8. Beyond stating that Defendant C. Johnson asked Plaintiff his name during a traffic stop, Plaintiff does not name any individuals in the statement of facts supporting his claims for relief or link his factual claims to the named Defendants. Plaintiff does not explain what actions the named Defendants took or failed to take which violated his rights. Rather, Plaintiff provides only generalized statements alleging Defendants violated his constitutional rights during a traffic stop that resulted in the alleged use of excessive force. Plaintiff's conclusory allegations are insufficient to show Defendants personally participated in the alleged constitutional violations. As Plaintiff has not alleged facts sufficient to show a person acting under color of state law violated his constitutional rights, he has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims).

The Court also notes Plaintiff requests release from custody. Dkt. 8. An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Plaintiff's challenges to the fact or duration of his physical confinement are properly raised in a habeas petition, not a §1983

1 complaint. Therefore, Plaintiff's requests for release from custody are not cognizable in this

2 §1983 action. To proceed with this action, Plaintiff must file an amended complaint that seeks

3 appropriate relief under § 1983.

### III.     Request for Counsel

Plaintiff has also filed a Motion requesting Court-appointed counsel. Dkt. 5. No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion for Counsel, Plaintiff states he cannot afford the filing fee and does not understand how to litigate this case. Dkt. 5. At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. Additionally, Plaintiff is able to clearly articulate his

requests in a way that is understandable to the Court. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion for Counsel (Dkt. 5) is denied.

### IV.     Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement. An amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself and all facts and causes of action alleged in the proposed complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474. The Court will screen the amended complaint to determine whether it contains factual allegations

1 linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize 2 service of the amended complaint on any Defendant who is not specifically linked to a violation 3 of Plaintiff's rights.

4      If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues 5 raised herein on or before February 28, 2023, the undersigned will recommend dismissal of this 6 action.

7      As stated above, Plaintiff's Motion for Counsel (Dkt. 5) is denied. The Clerk is directed 8 to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil 9 rights complaint and for service.

10      Dated this 30th day of January, 2023.

*[signature]*

David W. Christel
United States Magistrate Judge