UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

VINCENT RUSSELL,

        Plaintiff,

v.

AVERY LYONS, et al.,

        Defendants.

CASE NO. 2:22-CV-1863-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: July 28, 2023

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief United States Magistrate Judge David W. Christel. Plaintiff Vincent Russell, proceeding *pro se* and *in forma pauperis*, filed this civil rights Amended Complaint pursuant to 42 U.S.C. § 1983. Presently pending before the Court is Defendants' Motion to Dismiss Count II Pursuant to Fed. R. Civ. Pro. 12(b)(6) ("Motion to Dismiss"). Dkt. 31.

    The Court concludes Plaintiff has failed to state an Eighth Amendment claim against Defendants. Accordingly, the Court recommends the Motion to Dismiss be granted and Count II of the Amended Complaint be dismissed from this action.

## I. Background

Plaintiff, a pre-trial detainee at housed at the Whatcom County Jail, alleges Defendants used excessive force when initiating a traffic stop and arresting Plaintiff in violation of Plaintiff's Fourth and Eighth Amendment rights. Dkt. 9.

Defendants filed the Motion to Dismiss on May 22, 2023, moving for dismissal of Count II only. Dkt. 31. Plaintiff did not file a response and Defendants did not file a reply.

## II. Standard of Review

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

### III. Discussion

Defendants argue Plaintiff's Eighth Amendment claim, alleged in Count II, must be dismissed. Dkt. 31. Defendants contend that both Count I and Count II contain the same allegations; however, Plaintiff seeks relief for a Fourth Amendment violation in Count I and an Eighth Amendment violation in Count II. *Id*. Defendants seek dismissal of only Count II.

Plaintiff's claim that Defendants violated his Eighth Amendment rights in conducting the traffic stop and arrest is without merit. The Eighth Amendment's protections are specifically concerned with unnecessary and wanton infliction of pain in penal institutions. *See Whitley v. Albers,* 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff was not imprisoned at any time during the relevant period at issue; therefore, the protections of the Eighth Amendment do not apply. As Plaintiff was not imprisoned and serving a sentence at the time of the alleged unconstitutional conduct, he cannot pursue an Eighth Amendment claim. Accordingly, the Court finds Defendants' Motion to Dismiss should be granted and Count II of the Amended Complaint should be dismissed. *See John v. Berry*, 469 F.Supp.2d 922, 931 (W.D. Wash. 2006) (finding Eighth Amendment protections did not apply in arrestee's claim that the sheriff's deputies violated such rights during a traffic stop because the arrestee was not imprisoned).

1    The Court finds Plaintiff cannot cure the deficiencies of Count II of his Amended Complaint as to any potential Eighth Amendment claims against Defendants. Therefore, the Court finds Plaintiff should not be given leave to amend his Amended Complaint.

### IV. Conclusion

For the foregoing reason, the Court finds Plaintiff has failed to state an Eighth Amendment claim against Defendants. The Court also finds the deficiencies of Plaintiff's Eighth Amendment claim cannot be cured. Therefore, the Court recommends the Motion to Dismiss (Dkt. 31) be granted and Count II of the Amended Complaint be dismissed from this action. This case will proceed on Plaintiff's Fourth Amendment claim, as alleged in Count I.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 28, 2023, as noted in the caption.

Dated this 7th day of July, 2023.

David W. Christel
Chief United States Magistrate Judge